RECEIVED
IN CLERK'S OFFICE

DEC - 6 2010

U.S. DISTRICT COURT
MID. DIST. TENN.

IN THE UNITED STATES DISTRICT COURT
FOR THE __MIDDLE__ DISTRICT OF TENNESSEE
__NASHVILLE__ DIVISION

__TALEB-AL-BADRY__ Name )
Prison Id. No. __390454__ )
)
_____ Name )
)
Prison Id. No. _____ )
)
Plaintiff(s) )
)
)
)
v. )
__SUSAN Newtepper L.P.N.__ )
__Ms. Wilson L.P.N.__ )
_____ Name )
__DR. Redding__ )
__TN. Dept. OF Corrections__ Name )
__Health AN Safety Inspecters__ )
Defendant(s) )

(List the names of all the plaintiffs filing this lawsuit. Do not use "et al." Attach additional sheets if necessary.

Civil Action No. _____
(To be assigned by the Clerk's office. Do not write in this space.)

Jury Trial ☐ Yes ☐ No

(List the names of all defendants against whom you are filing this lawsuit. Do not use "et al." Attach additional sheets if necessary.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
FILED PURSUANT TO 42 U.S.C. § 1983

I.  PREVIOUS LAWSUITS (The following information must be provided by each plaintiff.)

   A.  Have you or any of the other plaintiffs in this lawsuit filed any other lawsuits in the United States District Court for the Middle District of Tennessee, or in any other federal or state court?

       ☐ Yes    ☒ No

   B.  If you checked the box marked "Yes" above, provide the following information:

       1.  Parties to the previous lawsuit:

           Plaintiffs  __NONE__

           Defendants  _____

           _____

2. In what court did you file the previous lawsuit? __None__

(If you filed the lawsuit in federal court, provide the name of the District. If you filed the lawsuit in state court, provide the name of the state and the county.

3. What was the case number of the previous lawsuit? __None__

4. What was the Judge's name to whom the case was assigned? __None__

5. When did you file the previous lawsuit? __None__ (Provide the year, if you do not know the exact date.)

6. What was the result of the previous lawsuit? For example, was the case dismissed, appealed, or still pending? __None__

7. When was the previous lawsuit decided by the court? __None__ (Provide the year, if you do not know the exact date.)

8. Did the circumstances of the prior lawsuit involve the same facts or circumstances that you are alleging in this lawsuit.

   ☐ Yes   ☒ No   None

(If you have filed more than one prior lawsuit, list the additional lawsuit(s) on a separate sheet of paper, and provide the same information for the additional lawsuit(s).)

II. THE PLAINTIFF'S CURRENT PLACE OF CONFINEMENT (The following information must be provided by each plaintiff.)

A. What is the name and address of the prison or jail in which you are currently incarcerated? __Lois DeBerry Special Needs Facility Hospital Confinement.__

B. Are the facts of your lawsuit related to your present confinement?

   ☒ Yes   ☐ No

C. If you checked the box marked "No" in question II.B above, provide the name and address of the prison or jail to which the facts of this lawsuit pertain.
__S.C.R.C.F.__
__South Central Regional Correctional Facility Bledsoe Co.__
__Pikeville, TN__

D. Do the facts of your lawsuit relate to your confinement in a Tennessee State Prison?

   ☒ Yes   ☐ No

If you checked the box marked "No," proceed to question II.H.

E. If you checked the box marked "Yes" in question II.D above, have you presented these facts to the prison authorities through the state grievance procedure?

☐ Yes  ☒ No

F. If you checked the box marked "Yes" in question II.E above:

1. What steps did you take? _____

2. What was the response of prison authorities? _____

G. If you checked the box marked "No" in question II.E above, explain why not. ExplAineD in LAwsuiT hAnD pRinTeD ATTAcheD

H. Do the facts of your lawsuit pertain to your confinement in a detention facility operated by city or county law enforcement agencies (for example, city or county jail, workhouse, etc.)?

☐ Yes  ☒ No

I. If you checked the box marked "Yes" in question II.H above, have you presented these facts to the authorities who operate the detention facility?

☐ Yes  ☐ No

J. If you checked the box marked "Yes" in question II.I above:

1. What steps did you take? _____

2. What was the response of the authorities who run the detention facility? _____

L. If you checked the box marked "No" in question II.I above, explain why not. _____

**Attach copies of all grievance related materials including, at a minimum, a copy of the grievance you filed on each issue raised in this complaint, the prison's or jail's response to that grievance, and the result of any appeal you took from an initial denial of your grievance.**

III. PARTIES TO THIS LAWSUIT

A. Plaintiff(s) bringing this lawsuit:

1. Name of the first plaintiff: TALE-B-AL-BADRY

Prison Id. No. of the ~~first~~ plaintiff: #390454
ONly

Address of the ~~first~~ only plaintiff: D.S.N.F. 7575 Cockrill Bend Ind Blvd
Nashville, TN 37209

(Include the name of the institution and mailing address, including zip code. If you change your address you must notify the Court immediately.)

2. Name of second the plaintiff: _____

   Prison Id. No. of the second plaintiff: _____

   Address of the second plaintiff: _____

   (Include the name of the institution and mailing address, including zip code. If you change your address you must notify the Court immediately.)

   If there are more than two plaintiffs, list their names, prison identification numbers, and addresses on a separate sheet of paper.

B. Defendant(s) against whom this lawsuit is being brought: Listed on cover page

   1. Name of the first defendant: _____

      Place of employment of the first defendant: _____

      The first defendant's address: _____

      Named in official capacity?      ☐ Yes    ☐ No
      Named in individual capacity"    ☐ Yes    ☐ No

   2. Name of the second defendant: _____

      Place of employment of the second defendant: _____

      The second defendant's address: _____

      Named in official capacity?      ☐ Yes    ☐ No
      Named in individual capacity"    ☐ Yes    ☐ No

   **If there are more than two defendants against whom you are bringing this lawsuit, you must list on a separate sheet of paper the name of each additional defendant, their place of employment, their address, and the capacity in which you are suing them. If you do not provide the names of such additional defendants, they will not be included in your lawsuit. If you do not provide their proper name, place of employment, and address, the Clerk will be unable to serve them should process issue.**

## IV. STATEMENT OF FACTS

State the relevant facts of your case as briefly as possible. Include the dates when the incidents or events occurred, where there they occurred, and how each defendant was involved. Be sure to include the names of other persons involved and the dates and places of their involvement.

If you set forth more than one claim, number each claim separately and set forth each claim in a separate paragraph. Attach additional sheets, if necessary. Use 8 ½ in. x 11 in. paper. Write on one side only, and leave a 1 in. margin on all four 4 sides.

See HAND PRINTED ATTACHED PROCEDURAL HISTORY pages 1 thru 2

See — INTRODUCTION JURISDICTION AN VENUE AND STATEMENT OF The FACTS pages 1 thru 6

See ATTACHED A, B, C, d,. These ARE Copies OF SickCall deductions.

See ATTACHED E MOTION FOR Appointment OF CouNsel.

## V. RELIEF REQUESTED: Specify what relief you are requesting against each defendant.

A. _____
B. _____
C. _____
D. _____
E. _____
F. I request a jury trial. ☒ Yes ☐ No

VI. CERTIFICATION

I (we) certify under the penalty of perjury that the foregoing complaint is true to the best of my (our) information, knowledge and belief.

Signature: *TALEB-AL-BADRY* Date: X

Prison Id. No. 370454

Address: _____

(Include the city, state and zip code.)

Signature: _____ Date: _____

Prison Id. No. _____

Address: _____

(Include the city, state and zip code.)

**ALL PLAINTIFFS MUST SIGN AND DATE THE COMPLAINT**, and provide the information listed above. If there are more than two plaintiffs, attach a separate sheet of paper with their signatures, dates, prison identification numbers, and addresses.

**ALL PLAINTIFFS MUST COMPLETE, SIGN, AND DATE SEPARATE APPLICATIONS TO PROCEED *IN FORMA PAUPERIS***, if not paying the civil filing fee.

**SUBMIT THE COMPLAINT, THE REQUIRED FILING FEE, OR APPLICATION TO PROCEED *IN FORMA PAUPERIS*, TOGETHER**. Complaints received without the required filing fee or application to proceed *in forma pauperis* will be returned. Filing fees, or applications to proceed *in forma pauperis*, received without a complaint will be returned.

Case 1:10-cv-00336-CLC-SKL   Document 1   Filed 12/06/10   Page 6 of 14   PageID #: 6

6

# PROCEDURAL HISTORY

Inmate plaintiff is a refuge from middle east to U.S. soil by the U.S. Goverment.

About 7 years ago, just prior to his conviction in Davidson Co., by plea agreement, he was sworn to U.S. citizenship.

Plaintiff entered such plea with needed assistance via Arabic interpreter. Began service of sentence 20ty years at 85% in Tenn. Dept. of Corrections.

Plaintiff was housed here "initally" at Lois Deberry Special Needs Facility in one of the mental health units for approx. 5 years.

At sometime he was placed in A.B.E. Adult Basic Education. Yet, he still cannot write nor read English.

Transferred from D.S.N.F. in Nashville to Southeastern Facility in pikeville in late 2009 placed in A.B.E. with no Arabic interpreter.

The warden at Pikeville was informed of his need. The facility has several Spanish interpreters.

Plaintiff claims there were no Arabic interpreters.

Address to facility where injury occurred is 1045 Horsehead Rd., Pikeville, TN 37365 Warden Jim Morrow.

Plaintiff can speak "learned over the years", some English. By identifying objects such is the case herein which he relates basic info. to aid in drafting petition, next to friend.

# Procedural History

Plaintiff acquired Next to Friend simply by transit. Plaintiff does not seem to comprehend to access this facilities main law, main library on the compound.

All inmates housed in Mental Health and this Hospital Bldg here at D.S.N.F. must fill out a Request Form to request and "maybe" recieve such legal materials from main library.

If there is Inmate Legal Helpers from main library plaintiff hasn't seen one.

Plaintiff is asserting via Next to Friend that he knew nothing of a Grievance procedure to file and thereby exhaust to properly docket a 42 sec. 1983.

To wit: He was in serious pain mostly in his bunk. With a broken right leg a fractured left and real time back pain.

He knew not to satisfy a P.L.R.A. requirement. He knew not to request a law clerk there to file for him.

Plaintiff prays this Honorable Court to recognize by no fault of his own — thus excuse exhaustion. Given the obvious injuries, the physical pain, the serious medical need — that medical L.P.N.'s failed to x-ray him.

Medical would not have responded to a paper form Grievance anyway since they didn't respond to him being helped to the clinic several times.

Certain circumstances waive exhaustion Nunez v. Duncan 591 F.3d 1217 9th Cir. 2010.

I. Jurisdiction and Venue

This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under the color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Sec. 1331 and 1343(a)(3).

II. Venue is proper 28 U.S.C. Sec. 1391(b)(2) because T.D.O.C. with its supervisory inspections of all facilities is based in Nashville.

If this middle district concludes Chattanooga district proper thus transfer action to such notifying plaintiff.

Plaintiff is requesting In Forma Pauperis status and appointment of much needed counsel to proceed, to maintain this claim.

III. Defendant Susan Newiepper L.P.N. in her offical and individual capacity acting under color state law, even under medical contract. She knew of my serious medical need yet expressed indifference to my pain - using her position not to notify - for further treatment.

IV. Defendant Ms. Wilson L.P.N. in her offical and individual capacity acting under color of state law, even under medical contract. She knew of my serious medical need because she seen me struggling to get into the clinic. Yet she expressed indifference to my pain using her position to further delay proper x-rays or treatments.

V. Defendant Dr. Redding in his offical and individual capacity acting under color of state law even under medical contract. Plaintiff is a direct benificary to medical contract and T.d.o.c..

Dr. Redding seen the swellings in both of my legs from a two month delay. Even though a X-ray machine was brought into Pikeville Facility for me all he did was X-ray and issued me a wheelchair.

It was still more than a month until I was transferred to Lois Deberry Special Needs Facility which sent me out imediately to McHarry General Finally.

I seen a Dr. Baker at General where he X-rayed and confirmed right leg was broken. Left, fractured. Thus, Dr. Baker prepared me for surgery 6-1-10.

Dr. Redding should have notified Warden at Pikeville to ship me A.S.A.P.. Given this delay by then, and the X-ray results. Dr. Redding expressed delay to a much needed operation(s).

VI. Defendants Tenn. Dept. of Corr. supervises inspections of all facilities. Sends out specific personnel to do regional Health & Safety inspections. Placement of rubber shower matts is documented or not.

Aside from being a OSHA requirement it is a T.d.o.c. requirement. All in-house and T.d.o.c. regional inspecters view shower stalls for cleanliness and proper placement of matts. Thereby, inspection sheet documentation will show.

Moreover: On 1-21-10 A.M. there were no rubber matts present while I exited shower to a wet floor, no yellow caution signs in place.

Although a state can be sued U.S. v. Georgia 126 S.Ct. 877 (2006) Plaintiff recognizes; Defendant T.d.o.c. in their offical capacity and Regional Inspectors in their offical and individual.

Case 1:10-cv-00336-CLC-SKL Document 1 Filed 12/06/10 Page 10 of 14 PageID #: 10

VII. Plaintiff claims Eight Amendment violations Deliberate Indifference to serious medical needs, Failure to Treat, Delay in medical.

Moreover; unnessary and wanton infliction of serious pain, duration of pain.

VIII. Objective evidence is satisfied: Broken right leg, fractured left obvious swellings plaintiff had to be helped - down to the clinic on pikeville prison compound for more than two months Farmer V. Breman 511 U.S. 825 (1994).

Objective evidence is factual, Wilson V. Seiter 501 U.S. 825 (1991).

Subjective evidence: both L.P.N.'s and Dr. Redding subjected me to serious on-going physical pain, to emotional pain, by expressing Deliberate Indifference to my serious medical needs.

Taylor V. Adams 221 F.3d 1225, 1258 11Th cir. (2000).

Chance V. Armstrong 143 F.3d 698, 702, 703 2nd cir. (1998).

See Attachments A, B, C, d..

It is procedure to charge a inmate 3.00 dollars for routine sick call. But, it is abuse to charge 3.00 dollars each time for the same illness or follow-up injury.

This pikeville clinic charged plaintiff each time for the same untreated injury. A obvious disreguard to health care profession as he had to be helped to the clinic each time.

# Statement of the Facts

Plaintiff, TALEB-AL-BADRY #390454 a inmate in T.D.O.C., on 1-21-10 8:30 A.M. Fell and hurt himself while exiting shower on wet floor.

He ask the officer if he could get medical or could he go somehow to medical. But the officer said medical informed him to have him sign up for routine sick call the clinic will see him that following morning, on 1-22-10. So plaintiff did so.

Plaintiff tried four times to get medical to help him from 1-21-10 to 3-18-10 when Dr. Redding took X-rays - he informed him - that he had a broken right leg. This X-ray machine was brought in on a truck.

Dr. Redding issued him a wheelchair finally. But it was sometime passing that he sent me here to Deberry Special Needs Facility. Upon arrival at D.S.N.F. he was sent out to McHarry General where a Dr. Baker took X-rays he prepared me for surgery 6-1-10.

Next morning on 6-2-10 Dr. Baker took more X-rays and told me my left leg was fractured and needed surgery. I told Dr. Baker my back is in pain! Somehow its hurting me real bad. He said he would refer me to a back specialist but plaintiff fears he'd end up being paraplegic if surgery was done given health care so far for him in T.D.O.C..

Plaintiff is presently located in the Hospital Bldg here at D.S.N.F. in a wheelchair. He has never fully recovered from operations on right and left legs, nothing has been done for his on-going back pain.

Plaintiff has yet to be given physical therapy, he is wheelchair bound (A) American with Disability.

Plaintiff is concerned about medical bills if he were to be released. He cannot work a job in T.D.O.C., nor work if he was released as it is now.

Plaintiffs perception is that he was treated differently or not at all because he is Arab middle eastern, suspect class.

Plaintiff seeks compensatory damages for the purpose of getting back to the condition he was in prior to slip and fall.

Plaintiff does not fully know the extent of his injuries nor the outcome. The delay was detrimental including what he claims to be on-going serious back pain.

Thereby a jury should decide or otherwise reach a decision as to libility and to the amount in compensatory damages.

Plaintiff seeks compensatory damages from all defendants or what this court deems legally possible. T.D.O.C. and its regional inspecters are directly responsible if documentations reveal shower matts are available and thus- should be in place yet they were not.

T.D.o.c. is a agency, but its regional personnel can log things during inspections that are not as if they were...

Plaintiff seeks punitive damages from both L.P.N.'s and Dr. Redding in their individual capacity using their offical capacity towards Failure to Treat, Delay in Treatments.

I <u>TALEB-AL-BADRY</u> have been read this action by several people and to the best of my English and 1st hand knowledge of this experience state the foregoing is truth under penalty of perjury self notory 28 sec. 1746.

Plaintiff requests' service of process rule 4 upon the mercy of this court upon grant of I.F.P. status.

Plaintiff requests' appointment of counsel with interpreter for equal justice thereof,

<u>Conclusion</u>