| | | |
|---|---|---|
| TALEB N. ALBADRY, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:10-CV-336 |
| | ) | *Chief Judge Curtis L. Collier* |
| LPN SUZANNE WIEPPER, LPN TONI | ) | |
| WILSON, DR. HELEN REDDING, | ) | **Jury Demand** |
| TENNESSEE DEPARTMENT OF | ) | |
| CORRECTIONS, AND HEALTH AND | ) | |
| SAFETY INSPECTORS, | ) | |
| | ) | |
|     *Defendants*. | ) | |

## MEMORANDUM

Plaintiff Taleb N. Albadry ('Plaintiff'), a *pro se* prisoner at the Lois M. Deberry Special Needs Facility in Nashville, Tennessee, has filed a civil rights complaint against LPN Suzanne Wiepper, Lpn Toni Wilson, Dr. Helen Redding, Tennessee Department of Corrections, and Health and Safety Inspectors ("Defendants"), pursuant to 42 U.S.C. § 1983 alleging he was denied timely and proper medical care for two broken legs while housed at Southeastern Tennessee State Regional Correctional Facility ("STSRCF") (Court File No. 1). Before the Court are several motions: (1) Defendants' motion to dismiss, and Plaintiff's motions to (2) dismiss a party, (3) amend the complaint, and (4) extend the time in which to amend the complaint (Court File Nos. 28, 30, 31, & 32). The Court will address the motions in the order in which they were filed.

**I.    MOTION TO DISMISS**

    **A.    Introduction**

Plaintiff seeks damages from Defendants for deprivation of his civil rights under color of state law pursuant to 42 U.S.C. § 1983. Plaintiff's action arises from his incarceration at STSRCF

after being sentenced to a 20-year term of imprisonment. Plaintiff claims Defendants were deliberately indifferent to his serious medical needs. For these alleged constitutional violations, Plaintiff requests compensatory and punitive damages from Defendants.

Plaintiff did not file a response in opposition to the motion to dismiss. Plaintiff, however, has carried his burden of pleading facts that, if true, demonstrate a constitutional violation on the denial of medical care claims addressed in the pending motion to dismiss. In addition, Plaintiff has filed motions requesting to dismiss the Tennessee Department of Corrections and his claims against the individual Defendants in their official capacity. Therefore, as explained below, the motion to dismiss will be **GRANTED IN PART** and **DENIED IN PART** (Court File No. 28).

Specifically, for the following reasons, Defendants' motion to dismiss Plaintiff's claims against the parties in their official capacities and the Tennessee Department of Corrections ("TDOC") will be **GRANTED**. Defendants' motion to dismiss Plaintiff's complaint on the grounds he failed to exhaust his available administrative remedies will be **DENIED** and the case will proceed on Plaintiff's medical claims against the individual Defendants in their individual capacity.

**B.     Standard of Review and Screening**

a.     *Pro Se* Pleadings

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt a plaintiff from the requirement that he must comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660

2

F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Lillard,* 76 F.3d at 726 (citations and internal quotation marks omitted).

      b.     <u>Rule 12(b)(6)</u>

Fed. R. Civ. P. 12(b)(6) provides a complaint may be dismissed if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993); *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). Rule 12(b)(6) requires courts to "construe the complaint in the light most favorable to the plaintiff [and] accept all of the complaint's factual allegations as true . . .." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998); *Haines v. Kerner*,

3

404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228 (6th Cir. 1997); *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996).

In order to preclude dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations which comprise all of the material elements necessary to sustain a claim for relief under some viable legal theory. *Lewis v. ACB Business Services, Inc*., 135 F.3d 389, 406 (6th Cir. 1998); *Columbia Natural Resources*, 58 F.3d at 1109; *Allard*, 991 F.2d at 1240; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

Pursuant to the United States Supreme Court's clarification of the legal standard for evaluating motions to dismiss in *Bell Atlanta Corp. v. Twombly*, 550 U.S. 544, 570 (2007), a complaint must contain sufficient facts "to state a claim for relief that is plausible on its face." The Supreme Court abrogated the often-cited rule established in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)-that motions to dismiss may be granted only if a plaintiff can prove "no set of facts ... which would entitle him to relief," finding that "this famous observation has earned its retirement. The phase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 562. The Supreme Court explained that the complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" in order to avoid dismissal under Rule 12(b)(6). *Id*. at 554. This clarification does not require a heightened fact pleading of specifics, but rather, requires "enough facts to state a claim" demonstrating the claim is plausible rather than just speculative or conceivable. *Id*. at 555 (emphasis added). Thus, mere "labels and conclusion" will not do. *Id*. A *pro se* pleading, however, must be

4

liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The court is required to construe the complaint in the light most favorable to the plaintiff and to accept all well-pleaded allegations of fact as being true. *Scheur v. Rhodes*, 416 U.S. 232 (1974); *Columbia Natural Resources*, 58 F.3d at 1109; *Mayer*, 988 F.2d at 638; *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). When a factual allegation is capable of more than one reasonable inference, it must be construed in the plaintiff's favor. *Saglioccolo*, 112 F.3d at 228; *Columbia Natural Resources*, 58 F.3d at 1109. A court may not grant a Rule 12(b)(6) motion to dismiss simply because the court does not believe the allegations of fact in the complaint. *Saglioccolo*, 112 F.3d at 228-29; *Columbia Natural Resources*, 58 F.3d at 1109; *Allard*, 991 F.2d at 1240. The court does not, however, have to accept as true mere legal conclusions and unwarranted inferences of fact. *Lewis,* 135 F.3d at 405; *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998); *Columbia Natural Resources*, 58 F.3d at 1109; *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

**C.   Facts**

As noted above, the following allegations of fact are construed in the light most favorable to Plaintiff. To help put this case into perspective the Court makes some observations at the outset. Plaintiff "is a refuge from [the] Middle East[,]" who was presumably brought here "by the U.S. government." (Court File No. 1, at 7). Prior to his conviction he was awarded U.S. citizenship. When he entered his guilty plea, he did so "via [an] Arabic interpreter[.]" Plaintiff received a twenty year sentence on some unidentified date for some unidentified crime.

Plaintiff was initially housed at Lois Deberry Special Needs Facility in one of the mental health units for approximately five years. In 2009, Plaintiff was transferred to STSRCF in Pikeville,

5

Tennessee. Although Plaintiff can speak "some English by identifying objects . . ." to relate basic information, and he has received some "Adult Basic Education . . . he still cannot write or read English." (Court File No. 1, at 7). Although STSRCF has several Spanish interpreters, they have no Arabic interpreters. Therefore, Plaintiff's complaint was drafted by a next of friend after Plaintiff related the basic information. The compliant, which raises an Eighth Amendment violation of his right to medical care, is signed by Plaintiff under penalty of perjury (Court File No. 1). Plaintiff asserts "he knew nothing of a grievance procedure to file and thereby exhaust" his remedies (Court File No. 7, at 8). Plaintiff seemingly suggests that due to his unique situation, exhaustion should be waived.

On January 21, 2010, Plaintiff fell and hurt himself as he exited a shower onto a wet floor that did not have any rubber matts or yellow caution signs in place. Plaintiff asked an unidentified officer for medical care and was told medical instructed the officer to tell Plaintiff to register for routine sick call, and he would be seen the following morning (Court File No. 1, at 12).

Plaintiff, who had to be assisted each time, went to medical seeking medical attention for his injuries on four occasions from January 21, 2010 until March 18, 2010 (Court File Nos. 1, at 11-12; 2, at 4-7 Trust Fund Withdrawals for sick call). During that time Plaintiff's legs were swollen, he had to have assistance to get to the medical unit, and he complained of his leg injuries and back pain. As the Court understands Plaintiff's allegations, it was not until March 18, 2012, when Dr. Redding decided to take x-rays, that she determined Plaintiff had broken his right leg when he fell on January 21, 2010. Dr. Redding issued Plaintiff a wheel chair and at some unidentified time sent him to Deberry for treatment. Upon arrival at Deberry, Plaintiff was taken to the General Hospital at

6

Meharry Medical School,[1] where Dr. Baker took x-rays and determined he needed surgery on June 1, 2010 (Court File No. 1, at 12).

The next day, Dr. Baker took more x-rays and determined Plaintiff was also suffering from a fracture to his left leg which required surgery. Plaintiff contends he has not fully recovered and he continues to have back pain. Plaintiff claims Defendants failed to treat his serious medical needs, delayed treatment, and were deliberately indifferent to his serious medical needs (Court File No. 1).

**D.     Analysis**

As noted earlier, Defendant Health and Safety Inspectors will be dismissed from this lawsuit as no such entity exists. The remaining Defendants are Tennessee Department of Corrections ("TDOC"), and Defendants Suzanne Wiepper, LPN ("Nurse Wiepper"), Toni Wilson, LPN ("Nurse Wilson"), and Dr. Helen Redding ("Dr. Redding"), in both their individual and official capacities. They have filed a motion to dismiss claiming Plaintiff failed to properly exhaust his administrative remedies and that the Eleventh Amendment bars this action against TDOC and the other Defendants in their official capacities (Court File No. 28).

1.     *Failure to Exhaust Administrative Remedies*

The Prisoner Litigation Reform Act ("PLRA") requires prisoners to exhaust available prison grievance procedures before filing suit. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are*

---

[1] Plaintiff identified it as "Mcharry General" but the Court's research did not reveal such a medical facility in Nashville. The Court assumes the correct medical facility is the General Hospital at Meharry Medical School which is located in Nashville. For this reason the Court lists the facility as Meharry and not as Mcharry General as stated by Plaintiff.

7

*available* are exhausted." (emphasis added)). Defendants contend Plaintiff admits in his Complaint that he failed to file any timely grievances regarding his allegations and "knew not to satisfy a P.L.R.A. requirement."(Court File No. 29). Therefore, argue Defendants, he has failed to timely grieve this alleged incident and the complaint must be dismissed.

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court held that inmates are not required to plead or demonstrate exhaustion in their complaints. Rather, failure to exhaust administrative remedies is an affirmative defense under the PLRA, thus the burden is on a defendant to plead and prove the prisoner failed to exhaust his available administrative remedies. *Id*. at 211-12. The Court also held "that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id*. at 923.

Here, Defendants have not satisfied their burden of proving Plaintiff failed to exhaust his available administrative remedies. Granted, Plaintiff states he did not exhaust his administrative remedies because he had no knowledge of the requirement. However, aside from his alleged inability to read or write English, lack of access to an Arabic interpreter, and lack of knowledge that he was required to satisfy the PLRA requirement, Defendants have not proven administrative remedies were available to Plaintiff. Specifically, Defendants have not alleged or demonstrated Plaintiff's complaint regarding his medical care was grievable through TDOC's grievance process.[2]

---

[2]Defendants motion to dismiss for failure to exhaust administrative remedies consists of one page of applicable law and the following:

> The plaintiff admits in his Complaint that he failed to file any timely grievances regarding his allegations and "knew not to satisfy a P.L.R.A. requirement." (Complaint, DE 1, at p. 8). As inmate Albadry has failed to timely grieve the alleged incidents described in the Complaint, he has failed to properly exhaust his administrative remedies in derogation of the Prison Litigation Reform Act, and his complaint must be dismissed, pursuant to *Woodford v. Ngo, supra*." (Court File No.

8

*See e.g. Owens v. Keeling*, 461 F.3d 763, 769 (6th Cir. 2006) (non-grievability of classification-related complaint through the grievance process renders remedy unavailable under the PLRA and exhaustion is not required); *Rancher v. Franklin County*, 122 Fed. Appx. 240, 241 (rule to treat medical issues as non-grievable resulted in no available administrative procedures to exhaust) (Court File No. 1). Aside from the fact Defendants do not allege Plaintiff was notified of the prison administrative remedy or how it was accessible to him due to his alleged inability to read and write English, they have not demonstrated medical treatment issues were grievable, i.e., that administrative remedies were available for this claim.

Because Defendants have not demonstrated the administrative remedies were available to Plaintiff–specifically that complaints regarding medical care are grievable through TDOC's grievance process–they have failed to satisfy their burden of demonstrating Plaintiff failed to exhaust available administrative remedies in compliance with the PLRA. Accordingly, Defendant's motion to dismiss for failure to properly exhaust administrative remedies will be **DENIED**.

    2.    *Eleventh Amendment*

Next Defendants contend the Eleventh Amendment bars this claim for money damages against TDOC as it is a state entity and Tennessee has not waived its immunity with respect to suits for relief under 42 U.S.C. § 1983. In addition, the individual defendants argue the claims against them in their official capacity are effectively against the State and likewise are barred.

Although the claims against the TDOC and Defendants in their official capacity are

---

29, at 3).

This claim is insufficient to satisfy Defendants' burden "to plead and prove the prisoner failed to exhaust his *available* administrative remedies." *Jones v. Bock*, 549 U.S. at 211-12 (emphasis added).

9

effectively against the State and are barred, it has nothing directly to do with the Eleventh Amendment, the state's sovereign immunity, and the waiver or non-waiver of that immunity. Rather, the claims are barred because the State is not a person under § 1983, regardless of whether the State may or may not have waived its sovereign immunity. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1977) (§ 1983 actions do not lie against a State, so Eleventh Amendment immunity does not prevent the § 1983 case against a state, rather § 1983 creates no remedy against a State). The United States Supreme Court has excluded "States and arms of the State from the definition of person" under § 1983. *Howlett v. Rose,* 496 U.S. 356, 365 (1990) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). "[N]either a State nor its officials acting in their official capacities are 'person' under § 1983." *Will v. Michigan Dept. Of State Police*, 491 U.S. at 71; *Arizonans for Official English v. Arizona*, 520 U.S. at 69 fn. 24. Therefore, the law is well-settled that a state is not a "person" within the mean of § 1983. In other words, "[e]ven if Tennessee's sovereign immunity has been properly waived or abrogated for the purposes of the federal statute the defendants allegedly violated, a § 1983 claim against the defendants in their official capacities cannot proceed because, by definition, those officials are not person under the terms of § 1983." *Gean v. Hattaway,* 330 F.3d 758, 766 (6th Cir. 2003). Because the State of Tennessee is not a "person" subject to damages under 42 U.S.C. § 1983, Plaintiff has failed to state a claim against TDOC or Defendants in their official capacity.

Here, Nurse Wiepper, Nurse Wilson, and Dr. Redding are state employees and TDOC is a State agency. Therefore, to the extent the individual defendants have been sued in their official capacity, the Court must proceed as if Plaintiff has, in fact, sued the State of Tennessee. Accordingly, the claims against the individual Defendants in their official capacities and TDOC will

be **DISMISSED** because the claims are effectively against the State of Tennessee and are barred on the ground that a state is not a person within the meaning of § 1983. *Lapides v. Board of Regents of the Univ. Sys. of Ga.,* 535 U.S. 613, 617 (2002); *Will v. Michigan*, 491 U.S. at 71.

## II.     DISMISSAL OF TDOC HEALTH AND SAFETY INSPECTORS

Plaintiff identified and attempted to serve the Tennessee Department of Correction Health and Safety Inspectors ("TDOC Health and Safety Inspectors"). Defendants' counsel responded to the Court's Show Cause Order explaining that service was inadvertently accepted on behalf of TDOC Health and Safety Inspectors by an employee at the TDOC Central Office, but there is no such department, entity, or individual. Counsel thus requested the Court to invalidate the summons executed on TDOC Health and Safety Inspectors or take any other steps necessary to correct this service error (Court File No. 23).

The Court issued an order on August 31, 2011, giving Plaintiff twenty days to show cause why the summons should not be deemed invalid and why TDOC Health and Safety Inspectors should not be dismissed from this case (Court File No. 25). Plaintiff did not file a response to the Court's show cause order. Accordingly, because there is no such entity as the TDOC Health and Safety Inspectors, the Court will deem the summons that was inadvertently accepted on their behalf invalid and **DISMISS** TDOC Health and Safety Inspectors from the lawsuit.

## III.    PLAINTIFF'S MOTIONS

Plaintiff has filed three motions (Court File Nos. 30, 31, & 32). In his first motion, Plaintiff requests dismissal with prejudice of the Tennessee Department of Corrections ("TDOC") as he avers

11

TDOC did not have direct physical contact with him and recognizes they are immune from this lawsuit pursuant to the Eleventh Amendment of the United States Constitution (Court File No. 30). In addition, Plaintiff requests dismissal of the claims against the individual defendants in their official capacity as he believes they "clearly acted in their personal capacities" and he does not know if the employers policy was the direct cause of his injuries (Court File No. 30). The motion will be **DENIED as MOOT** (Court File No. 30).

In his next motion, Plaintiff requests to amend his complaint (Court File No. 31). Plaintiff has failed to file the proposed amendment. Accordingly, Plaintiff's motion to amend his § 1983 complaint will be **DENIED** at this time as unsupported because he failed to file the proposed amendment with the specific claims which he wishes the Court to consider (Court File No. 31).

In his last motion, Plaintiff requests a thirty day extension in which to file an amended complaint (Court File No. 32). Accordingly, because his motion to amend will be denied at this time because he failed to file the proposed amendment, the motion requesting an extension of time in which to file an amended complaint likewise will be **DENIED** at this time (Court File No. 32).[3]

## IV. CONCLUSION

In light of the foregoing, Defendants' motion to dismiss will be **GRANTED IN PART** and **DENIED IN PART** (Court File No. 28). Specifically, the motion to dismiss will be **GRANTED**

---

[3] Also included in this motion was a request for an extension of time to file a response to Defendants' motion to dismiss. Because Plaintiff agreed the claims against TDOC and the individual Defendants in their official capacity should be dismissed, and because the Court determined Defendants' motion to dismiss Plaintiff's medical claims for failure to exhaust available remedies should not be granted, the Court concludes an extension is not required and this request is moot.

12

to the extent all claims against TDOC and Nurse Wiepper, Nurse Wilson, and Dr. Redding in their official capacities will be **DISMISSED** from this lawsuit pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 (Court File No. 28). The motion to dismiss will be **DENIED** to the extent the complaint will not be dismissed for Plaintiff's failure to exhaust his available administrative remedies (Court File No. 28).

Plaintiff will be permitted to proceed on his Eighth Amendment medical claims against Defendants Nurse Wiepper, Nurse Wilson, and Dr. Redding in their individual capacities. Plaintiff is forewarned that to be successful at trial he will have to produce proof supporting his allegations, including proof that treatment was denied or unconstitutionally delayed by Defendants.

Specifically, the parties should prepare for a jury trial, which will be set in a scheduling order that will be forthcoming, on the remaining issue of whether Plaintiff was denied medical care and subjected to deliberate indifference to his serious medical needs.

In addition, Plaintiff's motion to dismiss will be **DENIED** as **MOOT** (Court File No. 30). Plaintiff's motions requesting to amend his complaint and to extend the time in which to file an amended complaint will be **DENIED** at this time for failure to file the proposed amendment (Court File Nos. 31-32).

A separate order will enter.

                                           **/s/**
                                           **CURTIS L. COLLIER**
                                         **CHIEF UNITED STATES DISTRICT JUDGE**