UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| TALEB N. ALBADRY, ) | |
| ) | |
|    *Plaintiff,* ) | |
| ) | |
| v. ) | No. 1:10-CV-336 |
| ) | *Judge Curtis L. Collier* |
| LPN SUSAN NEWIEPPER, LPN ) | |
| WILSON, DR. REDDING, TENNESSEE ) | |
| DEPARTMENT OF CORRECTIONS, AND ) | |
| HEALTH AND SAFETY INSPECTORS, ) | |
| ) | |
|    *Defendants*. ) | |

**MEMORANDUM**

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. §1983 by Plaintiff Taleb N. Albadry ("Plaintiff") (Court file No. 1). Presently before the Court is a motion filed on behalf of Defendants to dismiss the case due to Plaintiff's non-compliance with the scheduling order (Court File No. 40).

In support of their motion to dismiss, Defendants assert the Amended Scheduling Order entered on October 16, 2012, by this Court required Plaintiff to file his pretrial narrative statement by Monday, November 5, 2012 (Court File No. 40). Plaintiff was forewarned that unless he complied with that filing deadline, his case would be dismissed. As of Wednesday, November 14, 2012, Plaintiff has failed to file a pretrial narrative statement.

Defendants have moved to dismiss this action based on Plaintiff's failure to comply with the Scheduling Order. As Defendants correctly point out in their motion, the date established for Plaintiff to submit his pretrial narrative statement has come and gone, but he has failed to file his statement.

The Court's initial scheduling order required Plaintiff to file his pretrial narrative no later than September 24, 2012 (Court File No. 35). Instead, Plaintiff filed a motion to appoint counsel on September 19, 2012 (Court File No. 36) and failed to file his pretrial narrative on September 24, 2012. Although the Court initially granted the motion requesting counsel on October 2, 2012, it subsequently rescinded its Order on October 5, 2012, and reserved ruling on the motion (Court File No. 38) but filed an amended scheduling order providing Plaintiff with a second opportunity to file his pretrial narrative statement.[1] At this time, the motion to appoint counsel will be **DENIED as MOOT** (Court File No. 36).

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Plaintiff has apparently lost interest in pursuing any claims in this Court as evidenced by the fact that he has failed to file his pretrial narrative statement.

Therefore, this action will be **DISMISSED** for Plaintiff's failure to prosecute and to comply with the orders of this Court, and the April 22, 2013, trial date is **CANCELED**. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991). Accordingly, Defendants' motion to dismiss will be **GRANTED** (Court File No. 40).

A judgment will enter.

---

[1] With their motion to dismiss, Defendants have filed Tennessee Department of Corrections Family Nurse Practitioner Helen Redding's affidavit wherein she disputes Plaintiff's claims that he does not speak English and suffers from mental illness (Court File No. 40-1). Ms. Redding avers she has had several face to face interactions with Plaintiff and his language skills have never posed a significant barrier. Ms. Redding states Plaintiff has never requested an interpreter during their consultations and Plaintiff has expressed himself in a very understandable way and understood her instructions. In addition, Ms. Redding has observed him communicating, in English, with other medical staff, prisoners, and prison employees. Finally, Ms. Redding avers Plaintiff is not mentally retarded (Court File No. 40-1).

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**